IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JAIME O. VAZQUEZ-RIVERA | : |
| Plaintiff | : |
| Vs. | :   Civil No. 14-1283 |
| JOSE A. COLON-ORTIZ, in his personal capacity<br>DIXIE VELEZ-LAFONTAIN, in her personal capacity<br>RAMON ROMAN-MELENDEZ, Secretary of the<br>Department of Education of the Commonwealth of<br>Puerto Rico in his official capacity and The<br>Commonwealth of Puerto Rico, through the<br>Secretary of Justice, CESAR MIRANDA-RODRIGUEZ: | :<br><br>:<br><br>: |
| Defendants | : |

-----------------------------------------------------------------------

**COMPLAINT**

**TO THE HONORABLE COURT**:

**COMES** now plaintiff through the undersigned attorney, and respectfully alleges and prays:

**PLEADINGS COMMON TO ALL COUNTS OR CAUSES OF ACTION**

**Jurisdiction of this Honorable Court**

1.- The jurisdiction of this Court is invoked pursuant to the provisions of Title 28 United States Code, Sections l33l,; Title 42 United States Code, Sections 1983-2000(e)-3(a); and 31 L.P.R.A. 3371-3375. The Due Process Clause of the First, Fifth and Fourteenth Amendments to the Constitution of the United States and the Constitution of the Commonwealth of Puerto Rico.

1

## Type of Proceedings

2.- Plaintiff's claim is twofold; first he prays for a mandatory injunction under Federal Rule of Civil Procedure Number 65, ordering the defendants be enjoined from discriminating against plaintiff in violation of the cited Federal Laws and to be reinstated in the position that he held as Food Service Professional I for the Department of Education before he was illegally dismissed.

3.- It is also a suit for compensatory damages arising from the illegal dismissal that he was subject to by defendants.

## State Remedies Invoked Under Pendent Jurisdiction

4.- The facts hereinafter alleged in this Complaint constitute violations of plaintiff's protected rights under the First, Fifth and Fourteenth Amendments to the Constitution of the United States.

5.- The facts hereinafter alleged in this complaint constitute violations of plaintiff's protected rights under Sections l, 4, 6 and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico and 31 L.P.R.A. 3371-3375.

6.- Section 137 of 29 Puerto Rico Laws Annotated, established the presumption that the demotion, persecution or firing is politically motivated if it is done without cause.

7.- Whether liability be predicated under the Federal Civil Rights Act or under the Constitution and Laws of the Commonwealth of Puerto Rico, all the liability arises from a common nucleus of operative facts.

8.- Plaintiff invoke the pendant jurisdiction of this Honorable Court with respect to all claims under the Constitution and Laws of the Commonwealth of Puerto Rico.

**Claims for Relief**

9.- At all times herein mentioned, and in all matters complained of herein, the defendants, and each of them acted in full knowledge that they were violating the rights of plaintiff as protected under the Constitution and the Laws of the United States.

10.- The law with respect to defendants conduct, and the conduct of each and every one of them, was clearly established as illegal and violative of plaintiff's rights under the Constitution and Laws of the Commonwealth of Puerto Rico.

11.- Plaintiff began to work for the Department of Education on August 1, 2011. Plaintiff's contract was valid until May 23, 2013.

12.- The property interest that plaintiff had in his continued employment, in the position he had with the Department of Education is clearly established by the Constitution, Laws, Regulations and Decisions of the Courts of the Commonwealth of Puerto Rico and such rights are recognized under the Fifth and Fourteenth Amendments to the Constitution of the United States.

13.- Defendants acted against plaintiff without charges, without notice and without a hearing.

14.- The acts of the defendants were done deliberately, knowing that it is was unlawful with the bad faith knowledge that they were violating plaintiff's federally secured rights.

15.- Plaintiff is entitled under the Laws of the Commonwealth of Puerto Rico to be free from the obligation of mitigation of damages under such circumstances as are herein above set forth.

16.- Plaintiff is entitled to damages for violation of his Constitutional Rights plus

damages for his actual losses, and for his pain, suffering, anguish and humiliation.

17.- Pursuant to the provisions of 42 USC, Section 2000 plaintiff, should he prevail on any issues herein, is entitled to reasonable attorneys' fees in this action.

18.- Pursuant to the provisions of Title 32, Rules of Civil Procedures of the Commonwealth of Puerto Rico, App. II, Rule 44.4, plaintiff is also entitled to attorneys' fees for the defendant's obstinacy and pre-judgment interest from the date of the filing of this complaint.

19.- Pursuant to 31 L.P.R.A. 3371-3375 plaintiff is entitled to a finding that his dismissal constitutes a breach of his employment contract with the Department of Education.

20.- Defendants, and each of them, have been obstinate in fomenting this litigation.

21.- Plaintiff is a citizen of the United States of America and of the Commonwealth of Puerto Rico, of legal age and a resident of the City of Adjuntas, Puerto Rico.

22.- Defendants are the Department of Education of the Commonwealth of Puerto Rico who is a political organization with judicial capacity that can sue and be sued on its own. Ramon Roman-Melendez is the Secretary of the Department of Education and as such is the nominating authority of the same, they are being sued in their official capacity.

23.- Cesar Miranda-Rodriguez is the Secretary of Justice of the Commonwealth of Puerto Rico who is being served as required by law when the Commonwealth of Puerto Rico is a defendant.

24.- The Commonwealth of Puerto Rico is included because the Department of Education is a governmental entity of the Commonwealth of Puerto Rico and has been

served through the Secretary of Justice, Hon. Cesar Miranda-Rodriguez.

25.- Defendants Jose A. Colon-Ortiz and Dixie Velez are being sued in their individual capacity and defendant Ramon Roman-Melendez is being sued in his official capacity as to the injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

26.- All defendants are citizens of the Commonwealth of Puerto Rico.

### Specific Facts Relevant to this Claim

27.- On October 29, 2012 plaintiff signed the renewal of the contract he had with the Department of Education with a salary of $7.25 per hour and a maximum of 30 hours per week.   This contract ended on May 23, 2013.

28.- Plaintiff's previous performance evaluation as an employee of the Department of Education were either satisfactory or excellent.

29.- On April 1, 2013 he was again evaluated and to plaintiffs surprise the evaluation was unsatisfactory.

30.- The evaluation was signed by Dixie Velez-Lafontaine, School Director. When plaintiff received the April 1, 2013 evaluation he refused to sign the same because he did not agree with said evaluation.

31. When plaintiff confronted co-defendant Dixie Velez-Lafontaine as to the reasons why he had a poor evaluation, Ms. Velez-Lafontaine told him that she was following Mr. Jose Colon-Ortiz's instructions and that his position was needed for a political favor.  She also told him that he obtained his job through a political favor, therefore, he had to understand that, that's how things are done in Puerto Rico when

there is a change of government.

32.- Plaintiff before working with the Department of Education worked at the Department of Agriculture and lost his job because of the dismissals consequence of Law 7. Mayor Jaime Barlucea (NPP Adjuntas) recommended him for a position with the Department of Education and he was called to work in a transitory position beginning August 1, 2011.

33.- On or around April 10, 2013 plaintiff received a letter dated April 4, 2013 signed by defendant Jose A. Colon-Ortiz as Regional Director of the Department of Education, Human Resources Office, Ponce Region, in which he was dismissed effective April 12, 2013 alleging the poor evaluation referred to in averment 29.

34.- Plaintiff was hand delivered the April 4, 2013 dismissal letter, that was signed by defendant Jose Colon-Ortiz, said letter was given to him by defendant Dixie Velez-Lafontaine.

35.- When plaintiff was given the dismissal letter co-defendant Velez-Lafontaine told plaintiff that she was sorry, that she knew that he was a good person and a good employee but that she was following instructions from co-defendant Colon-Ortiz.

36.- One or two days after receiving the dismissal letter plaintiff went to Mr. Jose Colon-Ortiz's office to inquire about the reason for his dismissal. After waiting for several hours to see Colon-Ortiz plaintiff was allowed to talk to him and when plaintiff asked him why he was dismissed, being him a good and hardworking employee defendant Colon-Ortiz told him that he had to comply with the request of "leaders of the PDP" that were seeking to employ their followers and that he had to understand that he being a member of the NPP the same way he got the position he is now losing it.

37.- Another person was appointed to the position that plaintiff held. Plaintiff was informed that this person's name is Carmen Torres Gonzalez who is from Jayuya, PR and is affiliated to the Popular Democratic Party.

38.- Plaintiff's contract with the Department of Education had a clause that stated as follows: "This contract may be revised by mutual accord between the parties and may be rescinded by any of the two parties, with 15 days prior notification to the other party.

39.- The dismissal letter was dated April 4, 2013, that is 8 days before the dismissal date of April 12, 2013 was effective and the same was hand delivered to him one or two days before its date of dismissal, April., 12, 2013.

40.- The date that the letter of dismissal was notified to plaintiff as well as the date that said letter was signed (April 4, 2013) violated the contractual clause that establish that to rescinded plaintiff's contract he had to be notified within 15 days prior to its termination date.

41.- The reason given for plaintiff's dismissal, that is his poor performance, was a pretexual one, being the real reason political discrimination.

42.- Defendants are active members of the Popular Democratic Party acting under their own initiative and/or under instructions or at the request of leaders of the Popular Democratic Party.

43.- Plaintiff is a well known member of the New Progressive Party.

## Absence of Good Faith

44.- The **Branti v. Finkel**, (445 U.S. 507), doctrine was well rooted.

45.- Defendants in this case, nevertheless, under color of state law, decided to defy the Courts, knowing as they know, that they could not dismiss plaintiff because of

political reasons in violation of plaintiff's constitutionally protected rights.

46.- Their acts show defendants did not act in good faith and punitive damages should be imposed on defendants jointly and severally.

### First Cause of Action

47.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 46, with the same force and effect as if set forth at length herein.

48.- Defendants action of dismissing plaintiff because of his political affiliation, constitutes a violation of his federal protected rights.

49.- This unlawful employment practice prohibited by the Constitution of the United States have caused damages to plaintiff which are reasonably estimated in the amount of $1,000,000.00.

### Second Cause of Action

50.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 46, with the same force and effect as if set forth at length herein.

51.- Defendants actions of dismissing plaintiff because of his political affiliation constitutes a violation of his state protected rights.

52.- This unlawful employment practice prohibited by the Constitution of the Commonwealth of Puerto Rico have caused damages to plaintiff which are reasonably estimated in the amount of $1,000,000.00.

### Third Cause of Action

53.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 46, with the same force and effect as if set forth at length herein.

54.- Defendants by dismissing plaintiff without giving him the 15 days prior notification knew that they were violating the terms and conditions of plaintiff's contract.

55.- The damages caused to plaintiff by defendant's illegal dismissal in violation of his contract, are reasonably estimated in the amount of $1,000,000.00.

### Forth Cause of Action

56.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 46, with the same force and effect as if set forth at length herein.

57.- Because plaintiff was dismissed during the tenure of a valid contract he was entitled to a hearing which was not granted in violation of his Due Process Rights guaranteed by the Constitution of the United States and the Constitution of Puerto Rico. Violations of plaintiff's Due Process Rights constitutes irreparable injury which plaintiff reasonable estimates in the amount of $1,000,000.00.

### Fifth Cause of Action

58.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 46, with the same force and effect as if set forth at length herein.

59.- As an employee of the Department of Education plaintiff had a salary of $217.00 weekly. He is entitled to a finding that defendant be ordered to pay all his back

salaries, vacations, sick leave, bonuses and other benefits since the day he was dismissed until the day he is reinstated.

60.- Plaintiff had a reasonable expectation that his contract was to be renewed because of his good performance as an employee of the Department of Education, as were all his previous contracts.

### Sixth Cause of Action

61.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 46, with the same force and effect as if set forth at length herein.

62.- As a result of defendants' actions, plaintiff has suffered great mental anguish, grief, much anxiety, humiliation, pain and distress.

63.-The damages suffered by plaintiff are evaluated in an amount not less than $1,000,000.00. These damages were caused, and will continue to be caused, exclusively by the unconstitutional, illegal, negligent and tortuous acts and omissions of the defendants, rendering any and all of them jointly and severally responsible to the plaintiffs for any award granted for his damages.

### Seventh Cause of Action

64.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 46, with the same force and effect as if set forth at length herein.

65.-Plaintiff is entitled to a finding that the defendants acted knowingly, intentionally, in bad faith and gross negligence to deprive plaintiff of his federal secured rights and to an award of Punitive Damages in an amount not less than $1,000,000.00.

**Eighth Cause of Action**

66.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 46, with the same force and effect as if set forth at length herein.

67.- Pursuant to Federal Rules of Civil Procedure Number 65, plaintiff request that an order be given against defendant in their official capacity, reinstating him to the position he held and was illegally dismissed as Food Service Professional I in the Department of Education and that they be enjoined from discriminating against him in violation of the cited Federal and State Constitutions and Laws.

**Trial By Jury**

68.- A Trial by Jury is requested in all causes of actions.

**WHEREFORE,** plaintiff respectfully prays this Honorable Court to:

a. Assume Jurisdiction of this action;

b. Enter an Order granting a Preliminary and Permanent Injunction prohibiting, restraining and enjoining, the defendants, agents, or anyone acting in concert with them or pursuant to their orders; or, their successors in any representative capacity from violating any Constitutional Rights of the plaintiff;

c. Enter an Order granting a Preliminary and Permanent Injunction ordering defendants, and each of them, or their agents and successors to reinstate plaintiff, with his present salary scale;

d. Grant plaintiff damages and punitive damages against the defendants, and each of them, jointly and severely;

e. Accept its pendent and ancillary jurisdiction over the parties and grant plaintiff

    all their rights under the Constitution and Laws of the Commonwealth of Puerto Rico;

f.    Enter an Order granting plaintiffs' reasonable attorney's fees, costs and pre-judgment interests;

g.    Grant such other and further relief that to this Honorable Court may deem just and proper.

In Aguadilla, Puerto Rico this ___ day of April 2014.

*S/ISRAEL ROLDAN-GONZALEZ*
**ISRAEL ROLDAN-GONZALEZ**
**USDC-PR No. 115602**
**49 Betances Street**
**Aguadilla, P.R. 00603**
**Tel. 891-1359 Fax 882-5000**
**irg@roldanlawpr.com**